**Opinion issued July 9, 2026**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-24-00770-CR**

———————————

**MUNTASER JUDEH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Case No. 1763638**

---

## MEMORANDUM OPINION

A jury found appellant, Muntaser Judeh, guilty of burglary of a habitation with intent to commit assault. The jury assessed punishment at eighteen years' confinement.

In his sole issue on appeal, Judeh argues that the evidence is insufficient to sustain his conviction. He contends that the evidence did not show his intent to commit assault at the time he entered the apartment. In so arguing, he relies on his testimony and version of events—rather than the victim's.

But the jury is the judge of credibility of witnesses; it was not required to believe his version of events over the victim's. And under the standard of review, on this record, we conclude that the evidence sufficed. We thus affirm.

## BACKGROUND

On March 13, 2022, Judeh went to the apartment of his girlfriend, Zayra Hernandez-Cacho. Hernandez-Cacho's sister, Wendy Luna, was inside the apartment preparing for a barbecue. Judeh and Luna dispute the details of what happened when Judeh arrived at the apartment. But it is undisputed that Judeh assaulted Luna that day.

Judeh fled prior to police arrival. He was later apprehended and ultimately indicted for burglary of a habitation with intent to commit assault.

The case proceeded to trial, and the jury found Judeh guilty. Judeh was sentenced to eighteen years in prison with an enhancement charge for a past offense. Judeh appealed.

**DISCUSSION**

Judeh argues the evidence is insufficient to support his conviction for burglary because it fails to prove beyond a reasonable doubt that he had the intent to commit assault at the time of entry. On this record, and under the applicable standard of review, we disagree and affirm.

**A.     Standard of Review and Background Law**

The standard of review here is well settled. In a sufficiency of the evidence challenge like this one, "we consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

Importantly here, we defer to the jury to resolve conflicts in testimony, weigh evidence, and draw reasonable inferences. *Id*. The jury, as the sole judge of the facts and the credibility of the witnesses, may choose to believe or disbelieve any witness or any portion of their testimony—and we may not substitute in our views for theirs. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); *see* TEX. CODE CRIM. PROC. arts. 36.13, 38.04 (jury is exclusive judge of facts and weight a witness's testimony should be given). "When the record supports conflicting inferences, we

presume that the jury resolved the conflicts in favor of the verdict and defer to that determination." *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012).

Circumstantial evidence is as probative as direct evidence in establishing a defendant's guilt—and circumstantial evidence can be sufficient. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013). If the cumulative force of all the incriminating circumstances is sufficient to support the conviction, each fact need not point directly and independently to guilt. *Hooper*, 214 S.W.3d at 13.

"The key question is whether 'the evidence presented actually supports a conclusion that the defendant committed the crime that was charged.'" *Morgan v. State*, 501 S.W.3d 84, 89 (Tex. Crim. App. 2016) (quoting *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007)).

**B.    Law Governing the Offense**

A person commits burglary if, without the owner's effective consent, he enters a habitation not open to the public with intent to commit a felony, theft, or assault. TEX. PENAL CODE § 30.02(a)(1). A person enters a habitation if any part of the body intrudes into the building. *Id.* § 30.02(b)(1). A person acts with intent "when it is his conscious objective or desire to engage in the conduct or cause the result." *Id.* § 6.03(a).

Intent to commit a felony, theft, or assault is an essential element of a burglary offense; it must be proven by the State beyond a reasonable doubt. *Coleman v. State*,

832 S.W.2d 409, 413 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd). Mere speculation or surmise is insufficient to establish intent. *Id.*

Here, the dispute centers on whether evidence showed beyond a reasonable doubt that Judeh entered with an intent to commit assault. A person commits an assault if he intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PENAL CODE § 22.01(a)(1). "Bodily injury means physical pain . . . or any impairment of physical condition." *Id.* § 1.07(a)(8).

Under settled Texas law, the intent element necessary to establish burglary must be present at the time of entry into the house. *LaPoint v. State*, 750 S.W.2d 180, 182 (Tex. Crim. App. 1986). "If the intent relied upon by the State is formed after the entry, the crime of burglary has not been shown." *Coleman*, 832 S.W.2d at 413.

In proving intent, direct evidence is not necessary. "As a question of fact for the jury . . . , intent may be inferred from the surrounding circumstances." *LaPoint*, 750 S.W.2d at 182.

## C.   The evidence is legally sufficient to support Judeh's conviction.

The question in this appeal is whether the evidence permitted a rational jury to find, beyond a reasonable doubt, that Judeh intended to commit assault *at the time he entered the apartment*. It did.

Viewed in the light most favorable to the verdict, evidence (the testimony of Luna) showed that Luna and Hernandez-Cacho attempted to prevent Judeh from entering the apartment when he arrived by holding the front door closed. Luna testified that she and her sister were having a barbecue when Luna saw Judeh approaching the apartment, uninvited. Luna stated that she "was terrified" of Judeh and she screamed when she saw him approaching. She attested Hernandez-Cacho told her to "stop him" from entering the apartment. Luna explained that, despite their attempts to block him from entering, Judeh nevertheless forced the door open by wedging his foot into the doorway, shouted "bitch, come here," reached inside the apartment, grabbed Luna by the hair, and dragged her out onto the porch.

Luna testified that he then assaulted her. Luna sustained significant injuries, including a subconjunctival hemorrhage, abrasions, contusion, lacerations, and an orbital fracture. Judeh fled before police arrived.

Judeh's testimony painted a different picture. He testified that his girlfriend, Hernandez-Cacho, invited him to the barbecue and was on the front porch with Judeh for 20–30 minutes prior to the assault. He claims he never attempted to enter the apartment, and that Luna came onto the porch with a steak knife and began attacking him. Judeh testified that the injuries to Luna were a result of Judeh attempting to resist her attack.

6

When the jury is faced with conflicting testimony like this, it is the jury's role to resolve the conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Harrell v. State*, 620 S.W.3d 910, 914 (Tex. Crim. App. 2021). Reconciliation of conflicts in the evidence is within the exclusive province of the jury. *Id.*

Here, the jury was not required to accept Judeh's versions of events. Instead, as the sole judge of witness credibility, the jury was free to disbelieve his testimony and, rather, to credit Luna's testimony. *See Merritt*, 368 S.W.3d at 525–26; *see also Sharp*, 707 S.W.2d at 614 (jury free to believe or disbelieve witness testimony). We defer to the jury's credibility determination. *Bohannan v. State*, 546 S.W.3d 166, 178 (Tex. Crim. App. 2017). As explained, "[w]hen the record supports conflicting inferences, we presume that the jury resolved the conflicts in favor of the verdict and defer to that determination." *Merritt*, 368 S.W.3d at 525–26.

Moreover, considering the evidence in the light most favorable to the verdict (as we are instructed to do), the jury could have rationally inferred that Judeh intended to assault Luna at the moment of entry. *See Hooper*, 214 S.W.3d at 13 (we view evidence in light most favorable to verdict and defer to jury to weigh evidence and draw reasonable inferences therefrom).

"One's acts are generally reliable circumstantial evidence of one's intent . . . ." *Laster v. State*, 275 S.W.3d 512, 524 (Tex. Crim. App. 2009) (citation modified);

*see also LaPoint*, 750 S.W.2d at 182 (jury may infer intent from defendant's conduct and surrounding facts and circumstances); *Baum v. State*, 848 S.W.2d 808, 809 (Tex. App. —Houston [14th Dist.] 1993, no pet.) (in inferring defendant's intent, jury is entitled to consider events that occurred before, during, and after commission of offense).

Luna's testimony, which the jury was free to believe, presented Judeh's entry and assaultive conduct together: according to her testimony, he arrived at the apartment and immediately tried to enter; he forced the door open against the occupants' best efforts to keep him out; he shouted "bitch, come here," while he intruded into the apartment; he immediately grabbed Luna by the hair and pulled her outside—and then he beat her. Under these circumstances, a jury could reasonably conclude beyond a reasonable doubt that Judeh's intent to assault was present at the time of his entry into the apartment. *See, e.g.*, *McIntosh v. State*, 297 S.W.3d 536, 541 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (evidence sufficient to support conviction of burglary with intent to commit assault when defendant broke window to gain entry to his ex-girlfriend's house when no one would open the door, broke down door, and had history of violence against ex-girlfriend); *see also Houston v. State*, No. 01-10-00318-CR, 2011 WL 6014663, at *4 (Tex. App.—Houston [1st Dist.] Dec. 1, 2011, pet. ref'd) (mem. op., not designated for publication) (evidence sufficient to support conviction for burglary with intent to commit assault when

defendant kicked in victim's door late at night, entered while armed and masked, and had previously stated that he went there to confront or "f\*\*\*" victim); *Macri v. State*, 12 S.W.3d 505, 507–08 (Tex. App.—San Antonio 1999, pet. ref'd) (evidence sufficient to support conviction for burglary with intent to commit assault when accused broke into house through window carrying handgun and knife and continually asked, "Where is she?" before leaving).

This case is similar to *Coleman v. State*, in which this Court held that the jury could infer intent to commit aggravated assault from the surrounding circumstances of the defendant's entry and conduct. 832 S.W.2d at 414–15. There, like here, the defendant argued that his assaultive intent arose only after entry. *Id.* But, as the Court explained, the jury was permitted to reject his explanation when considering the evidence as a whole, which contained contrary evidence. *Id.* The same is true here. As explained, the jury here was free to reject Judeh's assertion that he acted only in response to Luna's alleged attack; the jury could instead have credited Luna's testimony and inferred from her description of his forced entry, his immediate seizure of her, and his assault that he intended to assault her when he entered.

Finally, our conclusion accords with the Court of Criminal Appeals' decision in *Conrad v. State*, relied upon by Judeh. 230 S.W.2d 225 (Tex. Crim. App. 1950). There, the defendant was charged with burglary with intent to commit rape, but the undisputed evidence showed that the defendant formed his intent to rape the injured

party only after he entered the house. *Id.* at 226–27. But applying the reasoning in that case results in affirming this one. Unlike in that case, here, there was conflicting, contradictory evidence relevant to when he formed his intent. The jury was the judge of credibility and free to believe the evidence and infer Judeh's intent at the time of entry.

Considering the cumulative force of the evidence and deferring to the jury's credibility determinations, a rational jury could have found beyond a reasonable doubt that Judeh entered the habitation without effective consent and with intent to commit assault. We overrule Judeh's sole issue.

## CONCLUSION

We affirm the judgment of the trial court.

Jennifer Caughey
Justice

Panel consists of Justices Caughey, Johnson, and Dokupil.

Do not publish. TEX. R. APP. P. 47.2(b).

10